IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA          )
                                  )
    v.                            )          1:21-cr-141-1
                                  )
DUSTIN DALE GAMMONS               )

### MEMORANDUM OPINION AND ORDER

Defendant Dustin Dale Gammons ("Defendant") is a federal inmate serving a 104-month sentence. Defendant has filed a Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 35.) For the reasons stated below, Defendant's motion will be denied.

## I.    BACKGROUND

On January 5, 2022, Defendant pled guilty pursuant to a plea agreement to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 21:841(a)(1) and (b)(1)(C) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Doc. 26 at 1; Minute Entry 1/5/2022.) On September 11, 2023, Defendant filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c). (Doc. 28.) The motion was denied. (Doc. 33.) On November 24, 2025, Defendant filed his motion for compassionate release. (Doc. 35.) He seeks a reduction of sentence so that he can act as a caregiver for his

mother who has lupus and his stepfather who has cancer.[1] (Id. at 1.) Defendant is 34 years old, presently incarcerated at Coleman II USP, and has a projected release date of September 28, 2028.[2]

## II.  **ANALYSIS**

A sentence imposed under the law is intended to be final. United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis to do so. Id.; see also 18 U.S.C. § 3582(b). Section 18 U.S.C. § 3582(c)(1)(A), often known as the compassionate release provision, allows a court to reduce a sentence when "extraordinary and compelling" reasons warrant such a reduction, the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and a consideration of the relevant § 3553(a) sentencing factors support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i); see United States v. Davis, 99 F.4th 647, 654 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. See 18 U.S.C. §

---

[1]Defendant incorrectly refers to his mother's lupus as terminal cancer. (Doc. 35, ¶ 5(b).) While lupus is a serious chronic autoimmune disease, it is not cancer and not typically terminal.  Lupus, https://my.clevelandclinic.org/health/diseases/4875-lupus (last visited June 2, 2026).

[2]BOP Inmate Locator, https://www.bop.gov/inmateloc/(last visited June 2, 2026).

3582(c)(1)(A). Defendant submitted requests for administrative relief with prison personnel in June and April of 2025, (Doc. 35-1 at 2-3), months before filing his motion for compassionate release in this court.[3] (Id.) This satisfied the threshold requirement to exhaust, and the court will proceed to the merits of Defendant's motion.

### A. Extraordinary and Compelling Reasons

Defendant argues that he should be granted compassionate release because he needs to act as a caregiver for his mother and stepfather who have serious illnesses. (Doc. 35 at 1.) The Sentencing Commission policy statement recognizes that the incapacitation of a parent may be an extraordinary and compelling reason for a reduction "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

Defendant has submitted medical records confirming that his mother is being treated for lupus and his stepfather is being treated for terminal lung cancer. (Doc. 35-2 at 1.) The records also show that his mother and stepfather both face additional health problems. (Id. at 1-2.) Defendant's mother has been diagnosed with thyroid disease, lumbar spondylosis, chronic

---

[3] The June request was denied by the warden, (Doc. 35-1 at 1), but there is no indication in the record of any response to the April 2025 administrative request.

- 3 -

right hip pain, anxiety, and osteoarthritis. (Id.) The physician notes that her lupus has caused bradycardia or low heart rate, which has "become a regular struggle."[4] (Id. at 2.) The medical records indicate that in addition to cancer, Defendant's stepfather has developed COPD which requires oxygen therapy and he suffers from chronic lumbar pain. (Id. at 1.)

Defendant has submitted a personal declaration in support of the motion. (Doc. 35-3.) He states that his mother's lupus "significantly affects her ability to care for herself on a daily basis." (Doc. 35-3, ¶ 2.) Defendant asks to be released so he can help his mother and stepfather as "their primary caregiver – assisting them with daily activities, ensuring they attend all medical appoints, managing medications, and coordinating with healthcare providers." (Id., ¶ 6.)

The court recognizes that Defendant's mother and stepfather have serious diseases and the court is sympathetic to Defendant's desire to help his family. However, Defendant fails to demonstrate, or even allege in his motion, that he is the only available caregiver. See U.S.S.G. § 1B1.13(b)(3)(C).

---

[4]Bradycardia is low heart rate below 60 beats per minute which can cause  symptoms such as feeling dizzy, fainting, fatigue, heart palpitations, and shortness of breath. Bradycardia, https://my.clevelandclinic.org/health/diseases/17841-bradycardia (last visited June 2, 2026).

- 4 -

Defendant does not indicate who has been assisting his mother and stepfather up to this time or explain why they cannot continue to do so. The presentence report shows that Defendant has an older sister, (Doc. 23, ¶ 60), but Defendant fails to address why she cannot act as a caregiver if one is needed.[5] In his declaration Defendant indicates that he would be the "primary caregiver" which seems to imply there are other caregivers are available to help. (Doc. 35-2, ¶ 6.) Consequently, Defendant fails to show he is the only available caregiver and thus fails to show an extraordinary and compelling reason for release based on the need to care for his mother and stepfather. See, e.g., United States v. Conley, No. 24-6174, 2024 WL 3666171, *1 (4th Cir. Aug. 6, 2024) ("without evidence substantiating [wife] needs 24-hour care, and that the sons and other family members are unable to provide it, we cannot

---

[5] In an administrative request for compassionate release filed in April 2025, Defendant summarily stated he was the only available caregiver without any additional explanation. (Doc. 35-1 at 3.) In a June 2025 administrative request, Defendant generally claims other family members "don't have time to help my mom and dad." (Doc. 35-1 at 2.) However, a burden or inconvenience in providing care does not on its own show another caregiver is unavailable. See, e.g., United States v. Simms, Case No. 1:22-CR-00355, 2025 WL 1001376, at *5 (D. Md. Apr. 3, 2025); United States v. Al Hunaity, Crim. No. 18-723, 2024 WL 982044, at *5 (D.N.J. Mar. 7, 2024); United States v. Conley, No. 1:11-CR00037-002, 2024 WL 490337, *2 (W.D. Va. Feb. 8, 2024).

- 5 -

conclude that the district court clearly erred" in finding defendant not the only available caretaker); <u>United States v. Cooper</u>, Crim. Action No. 2:16-CR-00022, 2024 WL 2095945, *4 (S.D. W.Va. May 9, 2024)(denying compassionate release because evidence failed to establish defendant only available caregiver for parents); <u>United States v. Hooks</u>, No. 3:18-CR-59, 2021 WL 796156, at *3 (W.D.N.C. Mar. 2, 2021) (finding no extraordinary and compelling reason in part because defendant failed to show no other caregiver available for mother with terminal cancer).

Moreover, it is not evident on the record before the court that Defendant's mother and stepfather, however serious their conditions, are incapacitated. <u>See</u> U.S.S.G. 1B1.13(b)(3)(C). While the record confirms their illnesses, Defendant has not presented evidence showing that they are unable to function and meet their basic daily needs. <u>See</u>, <u>e.g.</u> <u>U.S. v. Bailey</u>, Crim. No. ELH-16-396, 2026 WL 100565, at * 12 (D. Md. Jan. 14, 2026) (recognizing that incapacitation is a high bar and "an individual does not qualify as incapacitated when the medical conditions impact daily life but do not severely impede functionality."). Defendant indicates that his mother and stepfather are "unable to care for each other adequately," and "[m]y release would allow me to fulfill my duty as a son and stepson during what may be the last stages of my step-father's

- 6 -

life and a critical time in my mother's ongoing battle with lupus." (Doc. 35-3, ¶¶ 4, 7.) Yet, as another judge in this district has recognized "[u]nfortunately, many incarcerated persons have family members, including children and parents, who could benefit from their presence and care. This is not an extraordinary circumstance in and of itself." United States v. Dewalt, No. 1:20-CR-78, 2025 WL 3213875, at *3 (M.D.N.C. Nov. 18, 2025). And while the court particularly understands Defendant's desire to be present in what may be his stepfather's final stages of life, a terminal diagnosis alone does not establish grounds for compassionate release. Accordingly, Defendant fails to show an extraordinary and compelling reason for a reduction of sentence based on his family circumstances.

### B.   18 U.S.C. § 3553(a) Factors

Having determined Defendant fails to show an extraordinary and compelling reason to modify his sentence, the court is not required to consider if the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction. The court finds, in any case, such an analysis does not support granting Defendant relief. Section 18 U.S.C. § 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In making the determination, the court weighs the nature of the offense, a defendant's personal

- 7 -

history, the sentence relative to the seriousness of the offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide rehabilitative circumstances, and the need to avoid sentencing disparity. 18 U.S.C. § 3553(a). The burden of proof rests with the defendant to show "why the § 3553(a) factors justify a modified sentence." United States v. Centeno-Morales, 90 F.4th 274, 279 (4th Cir. 2024)

Defendant states that he is sorry for his actions and is "not a danger to the community." (Doc. 35 at 2; Doc. 35-5 at 1.) He has submitted a certificate showing he completed a non-residential substance abuse program,(Doc. 35-6), but he has not provided any additional information about his efforts towards rehabilitation or his behavior while incarcerated.

The court appreciates that Defendant has expressed remorse for his actions and has taken a positive step by completing the drug treatment program. However, a consideration of the § 3553(a) factors overall weighs against a reduction. Defendant has a lengthy criminal history which suggests he poses a high risk of re-offending. (Doc. 23, ¶¶ 30-45.) While many of his offenses are misdemeanors and appear related to his substance abuse issues, several of his misdemeanors involve troubling cases of assault. (Id., ¶¶ 43-44.) Defendant also has multiple

- 8 -

prior convictions for felony offenses including felony larceny, felony breaking and entering, and felony possession with intent to sell or manufacture marijuana. (Id.) His criminal history suggests that periods of imprisonment or supervision have done little to curb additional criminal behavior. Notably, in the three cases preceding the instant convictions Defendant's periods of probation and supervised release were unsuccessful and revoked. (Id., ¶¶ 37, 42, 45.)

The nature of the instant offenses also weighs against a reduction. Defendant's behavior showed a blatant disregard for the law and posed a threat to public safety. Defendant, who had multiple outstanding warrants, was stopped by the police while driving with his girlfriend and her seven-year-old son. (Doc. 23, ¶¶ 4-6.) Defendant initially appeared to comply but then, despite having a child in the car, attempted to flee, driving in reverse until he hit a police vehicle and stopped in a ditch. (Doc. 23, ¶¶ 4-6). A search of the vehicle produced 2.7 grams of marijuana, 3.5 grams of methamphetamines, a glass pipe with residue, needles, and marijuana blunts. (Id.,¶ 7.) The police also seized a 9mm gun and extended magazine from the purse of Defendant's girlfriend. (Id.) Defendant later told police he obtained the gun for his girlfriend by trading a military-style rifle. (Id., ¶ 9.)

- 9 -

At sentencing Defendant had an applicable sentencing guideline range of 92 months to 115 months of imprisonment. (Doc. 23, ¶ 88.) His 104-month sentence falls in the middle of that range, and the court finds that Defendant's sentence is "sufficient, but not greater than necessary" to serve the goals of sentencing. Any lesser sentence would not promote respect for the law, protect the public, or provide adequate deterrence. See 18 U.S.C. § 3553(a).

### C. Appointment of Counsel

Within his motion, Defendant makes a request for the appointment of counsel asking that "counsel be appointed should the [c]ourt deem it appropriate." (Doc. 35 at 2.) There is no general constitutional right to appointed counsel in post-conviction proceedings. See United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Defendant has demonstrated he is capable of presenting his grounds for compassionate release without the assistance of counsel and he has not otherwise identified a particular need that requires counsel. Accordingly, the request for the appointment of counsel is denied.

## III. CONCLUSION

For the reasons stated, the court finds that Defendant has failed to show an extraordinary and compelling reason for a

- 10 -

reduction of sentence and the factors under 18 U.S.C. § 3553(a) counsel against a reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 35), is **DENIED.**

This the 5th day of June, 2026.

_____
United States District Judge

- 11 -